**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERONICA BETANCOURT TORRES; et al., | Nos. 08-74502<br>09-70338 |
| Petitioners, | Agency Nos. A096-057-922 |
| v. | A096-057-923 |
| ERIC H. HOLDER, Jr., Attorney General, | A096-057-924 |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before: GOODWIN, WALLACE, and THOMAS, Circuit Judges.

In these consolidated petitions for review, Veronica Betancourt Torres and

family, natives and citizens of Mexico, petition for review of the Board of

Immigration Appeals' ("BIA") orders dismissing their appeal from an immigration

judge's ("IJ") decision denying Betancourt Torres' application for cancellation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and denying her motion to reopen and reconsider removal proceedings.

We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of

constitutional violations in immigration proceedings, *Khan v. Holder*, 584 F.3d

773, 776 (9th Cir. 2009), and review for abuse of discretion the denial of a motion

to reopen or reconsider, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir.

2005). We deny the petitions for review.

In No. 08-74502, petitioners' due process and equal protection contentions

related to their placement in removal proceedings are unavailing. *See Vasquez-*

*Zavala v. Ashcroft,* 324 F.3d 1105, 1108 (9th Cir. 2003) (holding that placing

aliens in removal, rather than deportation, proceedings does not by itself amount to

a due process violation); *see also Ram v. IN*S, 243 F.3d 510, 516, 517 (9th Cir.

2001) ("'Line-drawing' decisions made by Congress or the President in the context

of immigration and naturalization must be upheld if they are rationally related to a

legitimate government purpose."). Petitioners' contention that the qualifying

relative requirement for cancellation of removal violated Betancourt Torres'

childrens' equal protection rights is unavailing. *See Sandoval-Luna v. Mukasey*,

526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam).

In No. 09-70338, the BIA did not abuse its discretion by denying petitioners'

motion to reconsider where the motion failed to identify any error of fact or law in

the BIA's prior order affirming the IJ's decision denying cancellation of removal. *See* 8 C.F.R. § 1003.2(b)(1); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n.2 (9th Cir. 2001) (en banc).

The BIA did not abuse its discretion by denying petitioners' motion to reopen, because the BIA considered the evidence she submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law.").

Petitioners' remaining contentions are unavailing.

**PETITIONS FOR REVIEW DENIED.**